UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
DONALD H. STILLMAN, JR.                          :
                                                 :
                              Plaintiff,         :
                                                 :
         v.                                      :     05 Civ. 6612 (WHP)
                                                 :
InSERVICE AMERICA, INC., et ano,                 :
                                                 :
                              Defendants.        :
-----------------------------------------------------X

## JOINT REQUEST TO CHARGE

Respectfully submitted,

William J. McMorris, Jr. (WJM-4392)
William A. Meehan (WAM-1707)
SLUTSKY, McMORRIS & MEEHAN, LLP
*Attorneys for the Plaintiff*
100 Park Avenue, Suite 1600
New York, New York 10017
Telephone: (212) 349-7020

Marc Jonas Block (MB-1850)
KUCKER & BRUH, LLP
*Attorneys for Defendants*
747 Third Avenue
New York, New York 10017
Telephone: (212) 869-5030

## JOINT REQUEST TO CHARGE

Plaintiff Donald H. Stillman (hereinafter, "Plaintiff" or "Stillman") and Defendants InService America, Inc. (hereinafter, "ISA") and Wildfire Partners, Inc. (hereinafter, "Wildfire", ISA and Wildfire are referred to jointly herein as "Defendants"), respectfully submit this Joint Request To Charge pursuant to the Court's June 15, 2009 Order.

## GENERAL PRELIMINARY INSTRUCTIONS

The parties respectfully request that the Court charge the jury using the Court's customary instructions regarding:

- Introduction;
- Function of the Court, the Jury and Counsel;
- What Is and Is Not Evidence;
- Exhibits and Transcripts;
- Direct and Circumstantial Evidence;
- Confidentiality of documents and testimony;
- Judicial Notice;
- Stipulations Of Fact;
- Inferences;
- Charts & Summaries;
- Depositions;
- Witness Credibility;
- Discrepancies in Testimony;
- Impeachment by Prior Inconsistent Statement;
- Note Taking;

- Sympathy;

- Bench Conferences;

- Recesses;

- Stricken Evidence;

- Juror Oath; and

- Order of the Trial.

## PROPOSED SPECIFIC PRELIMINARY JURY INSTRUCTIONS

### Proposed Specific Preliminary Jury Instruction
### No. __
### (Introduction of the Parties)

**PLAINTIFF'S PROPOSED INSTRUCTION:**

This is a case between Donald H. Stillman, Jr., on the one hand, and InService America,

Inc. and Wildfire Partners, Inc., two corporations. Mr. Stillman will often be referred to as

"Plaintiff." InService America, Inc. will be referred to as "InService", "InService America",

"ISA" or "Defendant."  Wildfire Partners, Inc. will be referred to as "Wildfire", "Wildfire

Partners" or "Defendant."  InService was incorporated on January 16, 1998, under the laws of

Virginia and has its principal place of business in Forest, Virginia.  Wildfire was incorporated on

December 10, 2004 under the laws of Virginia and had its principal place of business in Forest,

Virginia.


**DEFENDANTS' PROPOSED INSTRUCTION:**

This is a case between Donald H. Stillman, Jr., on the one hand, and InService America,

Inc. and Wildfire Partners, Inc., two corporations. Mr. Stillman will often be referred to as

"Plaintiff." InService America, Inc. will be referred to as "InService", "InService America",

"ISA" or "Defendant."  Wildfire Partners, Inc. will be referred to as "Wildfire", "Wildfire

Partners" or "Defendant."  InService is a privately owned company formed and incorporated

under the laws of Virginia and has its principal place of business in Forest, Virginia.  Wildfire

was incorporated on December 10, 2004 under the laws of Virginia.

**Proposed Specific Preliminary Jury Instruction**
**No. __**
**(Introduction of the Claims)**

In this case, Mr. Stillman claims that he worked for InService and Wildfire for a period of

approximately one year without receiving compensation. Mr. Stillman claims that he rendered

services to InService and Wildfire, that they accepted his services and that Mr. Stillman expected

reasonable compensation for his services. Mr. Stillman seeks an award against InService and

Wildfire for the value of the services he rendered. Mr. Stillman's claim is known in the law as

being a claim for *quantum meruit*.

InService and Wildfire claim that Mr. Stillman was not employed as an officer or director

by either ISA or Wildfire. Nor was he a shareholder of either ISA or Wildfire. Rather,

Defendants assert that Plaintiff worked as a business broker and/or finder. Defendants also claim

that Wildfire was never launched, that the services claimed by Mr. Stillman rendered were of no

value and that Mr. Stillman was fully compensated for all services actually rendered and

expenses disclosed. Defendants assert a defense under the Statute of Frauds which precludes

claims of *quantum meruit* under certain circumstances.


## PLAINTIFF'S OBJECTION TO THE PROPOSED INSTRUCTION:

Plaintiff objects to Defendants' Proposed Instruction on the statute of frauds on the

grounds that it constitutes an affirmative defense, which has never been pleaded in this action.

Such a matter must be pleaded by defendants or it is precluded. See Fed. R. Civ. P. 8(c); CPLR

3018 (b). Defendants have not filed any responsive pleadings setting forth any of its affirmative

defenses, defenses, or claims. Plaintiff further objects on the grounds that the reference in these

instructions to the Statute of Frauds will lead to juror confusion.

**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION:**

Pursuant to F.R.C.P. Rule 12 (b) and (h), affirmative defenses are preserved if raised in an answer or motion to dismiss.  The defendants asserted the affirmative defense of statute of frauds in their motion to dismiss the complaint and reasserted said defense in their motion for summary judgment and dismissal of the amended complaint.  Thus, as a matter of statutory law, defendants have NOT in any way waived the affirmative defense of statute of frauds.

Plaintiff's reliance upon the purely procedural statute of CPLR 3018 (b) is utterly misplaced.

## GENERAL PROPOSED CLOSING JURY INSTRUCTIONS

The parties respectfully request that the Court charge the jury using the Court's customary instructions regarding: Instructions as to Deliberations; Duty to Follow Instructions; Limited Use; Jury to Disregard Court's View; Consideration of Evidence; Confidentiality of exhibits and testimony; Expert Witnesses; Expert Witness Fees; Duty to Deliberate; Election of a Foreperson; and Explanation of a Verdict Form.

**General Proposed Closing Jury Instruction**
**No. ___**
**(Introduction To Mr. Stillman's Claim)**

I will now instruct you as to the claim Mr. Stillman has brought against InService and Wildfire in this case and regarding the elements you need to consider in deciding that claim.

Mr. Stillman asserts one claim against InService and Wildfire. Mr. Stillman asserts a claim seeking recovery for the reasonable value of his services rendered to InService and Wildfire. This claim is referred to as *quantum meruit*. This is a Latin phrase which translates literally as "as much as he deserved." I will describe the elements of a *quantum meruit* claim to you in detail.

Authority: For the translation of "*quantum meruit*" see Black's Law Dictionary 4th Ed.

### General Proposed Closing Jury Instruction
### No. ___
### (Burden Of Proof – General)

First, I will instruct you on the burden of proof.  This is a civil case, not a criminal case.  As such, Mr. Stillman has the burden of proof on his claims.  If after considering all of the testimony and evidence you are satisfied that Mr. Stillman has carried his burden on each essential point as to which he has the burden of proof, then you must find for Mr. Stillman on his claim. If after such consideration of the evidence you find that Mr. Stillman has not carried his burden, you must find for InService or Wildfire.

Defendants InService and Wildfire have the burden of proof on their claim that Mr. Stillman is prevented from recovering from defendants on the grounds that he served merely and exclusively as a "business broker" and/or "finder", and rendered no other services to defendants.  If after considering all of the testimony and evidence you are satisfied that each of the defendants has carried its burden on each essential point as to which he has the burden of proof, then you must find for such a defendant on its claim. If after such consideration of the evidence you find that defendant InService and/or defendant Wildfire has not carried its burden, you must find for Mr. Stillman as to any defendant that has not carried its burden.

Authority:     Adapted from Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions,* ¶ 73.01, Instr. 73-1.6 (2008).

## PLAINTIFF'S OBJECTION TO PROPOSED INSTRUCTION:

Plaintiff objects to the inclusion of an instruction concerning the burden of proof on defendants' statute of frauds affirmative defense on the grounds set forth in its objection to the proposed instruction concerning the Introduction of the Claims.  In the event that the Court

determines to instruct on the statute of frauds affirmative defense, then plaintiff requests the inclusion of the instruction set forth in the proposed instruction concerning defendants' burden of proof.

**General Proposed Closing Jury Instruction**
**No. ___**
**(Burden Of Proof – Definition)**

The party with the burden of proof on any given issue has the burden of proving every disputed element of its claim to you by a preponderance of the evidence. Thus, Mr. Stillman must establish each element of his *quantum meruit* claim against InService and Wildfire by a preponderance of the evidence.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right, then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence; it must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof-- that what the party claims is more likely true than not true, then that element will have been proven by a preponderance of evidence. This standard does not require proof to an absolute certainty; since proof to an absolute certainty is seldom possible in any case.

Authority:     Adapted from Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions,* ¶ 73.01, Inst. 73-2 and from 3 Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions* § 104.01 (5th ed. 2001).

## SPECIFIC PROPOSED CLOSING JURY INSTRUCTIONS

### Proposed Specific Closing Jury Instruction
### No. __
### (Quantum Meruit)

**PLAINTIFF'S PROPOSED INSTRUCTION:**

If you find by a preponderance of the evidence that Mr. Stillman rendered services to defendant InService and/or Wildfire, that services were performed in good faith, that InService and/or Wildfire accepted the services Mr. Stillman rendered, and that Mr. Stillman expected to be compensated for the services he provided, then you will find in favor of Mr. Stillman on the question of liability and against defendant InService and/or Wildfire, and proceed to make a determination of the damages he should be awarded.

Authority:   This instruction is based on *Long v. Shore & Reich, Ltd.,* 25 F.3d 94, 98 (2d Cir. 1994).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION:**

Defendants object to Plaintiff's Proposed Instruction for failing to include all elements of *quantum meruit*, and for failing to identify his burden as to each defendant individually.

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION:**

Plaintiff's Proposed Instruction is directed to the liability elements of a *quantum meruit* claim. The omission of the element relating to the measure of damages was intentional, as that element is covered in proposed instructions which follow. Moreover, the Plaintiff's Proposed Instruction is proper in form as it covers all eventual outcomes of the juries' liability determination: a finding that either defendant may be wholly liable or that both defendants are

jointly liable to plaintiff.  It therefore serves the purposes of being more complete, more accurate, more succinct, less confusing and more easily comprehended by the jury than Defendants' Proposed Instruction, to which Plaintiff sets forth his objections below.

## DEFENDANTS' PROPOSED INSTRUCTIONS:

Mr. Stillman has brought one cause of action for *quantum meruit* against two defendants, ISA and Wildfire.  Mr. Stillman must demonstrate his claim as to each defendant separately. ISA is not liable for services Mr. Stillman rendered to Wildfire, and vise versa.

Mr. Stillman, as the party asserting a claim of *quantum meruit* against ISA, must demonstrate upon a preponderance of the evidence (1) that he performed services in good faith, (2) the acceptance of services by ISA, (3) an expectation of compensation therefore, and (4) services must have had value to ISA.

Mr. Stillman, as the party asserting a claim of *quantum meruit* against Wildfire, must demonstrate upon a preponderance of the evidence (1) that he performed services in good faith, (2) the acceptance of services by Wildfire, (3) an expectation of compensation therefore, and (4) services must have had value to Wildfire.

Authority: <u>Martin H. Bauman Assoc., Inc. v. H & M Int'l Transport, Inc.</u>, 171 A.D.2d 479, 567 N.Y.S.2d 404 (1st Dep't 1991) (Court upheld summary judgment on *quantum meruit* claim upon finding "it… evident that no benefit was conferred upon defendant." 171 A.D.2d at 484); <u>Broughel v. Battery Conservancy</u>, 2009 U.S. Dist. LEXIS 35048 (S.D.N.Y. 2009) (*Quantum meruit* dismissed where plaintiff failed to demonstrate "nothing more than undefined and conclusory statements regarding the actual benefit plaintiff conferred on the defendant." 2009 U.S. Dist. LEXIS 35048 at 23).

**PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED INSTRUCTION:**

Plaintiff objects to Defendant's Proposed Instruction on the grounds that the introductory paragraph is redundant, inaccurate, confusing and incomplete, and the balance of the proposed instruction misstates the law concerning recovery on a *quantum meruit* claim.

The first paragraph of the instruction is redundant and unnecessary. The second sentence of the introductory paragraph is inaccurate, incomplete and confusing. It is entirely possible that the jury may conclude that Mr. Stillman rendered services jointly to the defendants. For this reason, the proposed separate instructions directed to ISA and Wildfire also are incomplete, inaccurate and confusing. In addition, the separate paragraphs as to the liability of each defendant proposed by defendants each misstates the fourth element of plaintiff's *quantum meruit* claim. The measure of damages on a *quantum meruit* claim is the reasonable value of plaintiff's services (i.e., the reasonable compensation payable to plaintiff for the services he rendered). A plaintiff is not required to show that a defendant benefitted from plaintiff's services. Grappo v. Alitalia Linee Aeree Italiane S.p.A, 975 F. Supp. 297, 303 (S.D.N.Y. 1997) (*citing* Farash v. Sykes Datatronics, 59 N.Y. 2d 500, 506, 465 N.Y.S.2d 917, 918, 452 N.E. 2d 1245, 1246 (1983)). Defendants' Proposed Instruction appears to confuse the *quantum meruit* claim actually filed by plaintiff with an unjust enrichment claim which plaintiff has not filed. As to the third element set forth in Defendant's Proposed Instruction, it is incomplete, as it must indicate that "Mr. Stillman had" an expectation of compensation.

**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION:**

Plaintiff asserts one cause of action against two defendants. Defendants' instructions merely serve to instruct the jurors as to the fact that liability must be demonstrated as to each

defendant. After all, there is no cause of action in the amended complaint for piercing the corporate veil let alone a claim that liability is in any way joint and/or severable.

As to whether Plaintiff must demonstrate value as to the services allegedly rendered to Defendants, case law clearly requires proof of some benefit. Martin H. Bauman Assoc., Inc., 171 A.D.2d at 484; Broughel, 2009 U.S. Dist. LEXIS 35048 at 23. Plaintiff's reliance upon Farash v. Sykes Datatronics, 59 N.Y. 2d 500, 506, 465 N.Y.S.2d 917, 918, 452 N.E. 2d 1245, 1246 (1983) and Grappo v. Alitalia Linee Aeree Italiane S.p.A, 975 F. Supp. 297, 303 (S.D.N.Y. 1997) is misplaced. Farash merely provides that the benefit received by the defendant need not be economic in nature: "The plaintiff recovers the reasonable value of his performance whether or not the defendant in any economic sense benefitted from the performance." Farash, 59 N.Y.2d at 506. Thus, Defendants' instructions are in compliance with controlling case law.

**Proposed Specific Closing Jury Instruction**

**No. __**
**(Statute of Frauds)**

## DEFENDANTS' PROPOSED INSTRUCTION:

In considering whether Mr. Stillman has demonstrated his claim for quantum meruit, you are instructed that some services require that a written contract exists between the parties under the law of the statute of frauds.

The purpose of the Statute of Frauds is to protect people from alleged contractual obligations not supported by written evidence. It also exists to protect principals from "unfounded and multiple claims for commissions", and in response to the substantial number of cases involving sales of businesses and business opportunities.

The Statute of Frauds requires a written agreement for compensation for services rendered "in negotiating a loan, …a business opportunity, business, …and including the creating of a partnership interest." The term "'negotiating' includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction." Furthermore, "negotiating a business opportunity" includes the use of "connections," "ability" and "knowledge" to facilitate or assist in the transaction by helping the acquirer of the business opportunity meet the right people and have the right information.

You are instructed that there has already been a determination that there exists no enforceable agreement between Mr. Stillman and either Wildfire or ISA. The sole question for you to determine as to the statute of frauds is whether the statute applies to Mr. Stillman's *quantum meruit* claim.

The statute of frauds does not apply to Mr. Stillman's claims against ISA if Mr. Stillman was an officer or director of ISA. The statute of frauds does not apply to Mr. Stillman's claims against Wildfire if Mr. Stillman was an officer or director of Wildfire.

If you find by a preponderance of the evidence that ISA has demonstrated that Mr. Stillman was not employed as an officer or director of ISA, than you must dismiss his claims against ISA. If you find by a preponderance of the evidence that Wildfire has demonstrated that Mr. Stillman was not employed as an officer or director of Wildfire, than you must dismiss his claims against Wildfire.

If you find by a preponderance of the evidence that Mr. Stillman was employed as an officer or director of ISA, than you may proceed to make a determination of the reasonable value of his services. If you find by a preponderance of the evidence that Mr. Stillman was not employed as an officer or director of Wildfire, than you may proceed to make a determination of the reasonable value of his services.

Authority:  N.Y. Gen. Oblig. § 5-701(a)(10); 1-4 *Jury Instructions in Commercial Litigation* § 4.10 Statute of Frauds – Requirement of a writing; N.Y. Pattern Jury Instr.-Civil 4:31 Contracts for Services - Action for Services Rendered - By Broker; Freedman v. Chemical Constr. Corp., 43 N.Y.2d 260, 265-267, 372 N.E.2d 12, 401 N.Y.S.2d 176 (1977); Zeising v. Kelly, 152 F.Supp.2d 335, 343-344 (S.D.N.Y. 2001); Stillman v. Townsend, 2006 U.S. Dist. LEXIS 50770 (S.D.N.Y. 2006); Stillman v. InService America, Inc., 2008 U.S. Dist. LEXIS 40321 (S.D.N.Y. 2008).

**PLAINTIFF'S OBJECTION TO DEFENDANT'S PROPOSED INSTURCTION;**

Plaintiff objects to Defendants' Proposed Instruction on the statute of frauds on the grounds that it constitutes an affirmative defense, which has never been pleaded in this action. Such a matter must be pleaded by defendants or it is precluded. <u>See</u> Fed. R. Civ. P. 8(c); CPLR 3018 (b).

Plaintiff further objects that the proposed instruction is argumentative, misstates the law and will lead to confusion concerning the party bearing the burden of proof. Even if the Court were to allow defendants to pursue its statute of frauds claim, plaintiff would not bear the burden of proof on such a claim. As it would be an affirmative defense, defendants would bear the burden of proof. Moreover, the proposed instruction is flawed in that it does not set forth the full text of the relevant statute to place its terms in proper context. It also fails to identify the full scope of the purposes of the statutory provision. It also purports to be derived from a New York Pattern Jury Instruction which is wholly irrelevant to this matter and, in any event, does not support the instruction defendants' request.

Plaintiff further objects that the fourth paragraph of the proposed instruction misrepresents the nature of the Court's summary judgment determination, as well as misstating the scope of the matters that the jury is to determine.

The fifth, sixth and seventh paragraphs of the proposed instruction misstate the law by claiming that Mr. Stillman is barred from recovering unless he was an officer or director of one or more of the defendants.

**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION:**

Defendants properly plead the affirmative defense in their motions to dismiss the complaint and summary judgment for dismissal of the amended complaint in the current action.

Pursuant to F.R.C.P. Rule 12 (b) and (h), affirmative defenses are preserved if raised in an answer or motion to dismiss.  The defendants asserted the affirmative defense of statute of frauds in their motion to dismiss the complaint and reasserted said defense in their motion for summary judgment and dismissal of the amended complaint.  Thus, as a matter of statutory law, defendants have NOT in any way waived the affirmative defense of statute of frauds.

Defendants have amended their instructions to address the issues raised regarding burden of proof.

Regarding the issue of nature of the relationship which must be demonstrated in order for the matter to fall outside the statute of frauds, this Court's decision granting summary judgment in part is decisive on the issue:

> "N.Y. Gen. Oblig. Law § 5-701(a)(10) requires that a contract 'to pay compensation for services rendered in negotiating the purchase . . . of a business opportunity' be in writing. This provision applies 'to a contract implied in fact or law to pay reasonable compensation.' N.Y. Gen. Oblig. Law § 5-701(a)(10). Thus, all employment contracts for 'finders' or 'brokers' must be in writing for the employee to recover in quantum meruit. Roberts v. Champion Int'l Inc., 52 A.D.2d 773, 382 N.Y.S.2d 790 (N.Y. App. Div. 1976); Sugerman v. MCY Music World, Inc., 158 F. Supp. 2d 316, 326 (S.D.N.Y. 2001).  Because the parties dispute whether Plaintiff acted as a broker only or also as an officer, this Court cannot determine whether this provision of the New York Statute of Frauds applies."

Stillman v. InService America, Inc., 2008 U.S. Dist. LEXIS 40321 (S.D.N.Y. May 20, 2008).

Thus, as stated by this Court, the sole issue is whether or not "Plaintiff acted as a broker only or also as an officer."

**IN THE EVENT THAT THE COURT PERMITS DEFENDANTS TO PROCEED WITH THEIR UNPLEADED STATUTE OF FRAUDS DEFENSE, THE PLAINTIFF PROPOSES THE FOLLOWING ALTERNATE INSTRUCTION:**

You will be asked to determine whether Mr. Stillman worked exclusively and merely as a "business broker and/or finder" for defendants InService and Wildfire. Defendants have the burden of proving this claim by a preponderance of the evidence. If you find that Mr. Stillman performed work for defendants such as that which would be performed by a person acting in some other capacity, including, but not limited to an employee, officer or a director of defendant InService and/or defendant Wildfire, then you must render a verdict in favor of Mr. Stillman and against defendants InService and/or Wildfire on this issue.

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION:**

Defendants object on the grounds that plaintiff's proposed charge fails to adequately address the matter of the statute of frauds, let alone adequately state the law. No guidance is given as to the terms "business broker" or "finder", including the statutory and case law definitions. N.Y. Gen. Oblig. Law § 5-701(a)(10) clearly identifies what is a "business broker" or "finder" and the conduct at issue in the statute. Plaintiff's proposed instructions simply fail to identify the requirements of the statute.

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION:**

The determination by the jury of the factual issue set forth in Plaintiff's Proposed Instruction is necessary for a proper determination as to whether defendants possess a valid Statute of Frauds defense.

**Proposed Specific Closing Jury Instruction**

**No. __**
**(Measure of Damages)**

I will now instruct you on the proper measure of damages, if any, to be recovered by Mr. Stillman should you find in his favor on his claim. The fact that I will instruct you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. These instructions are given only for your guidance, in the event that you should find in favor of Mr. Stillman on the question of liability in accordance with the other instructions. If you should find for defendants, you should disregard these instructions on damages.

Authority: Pretrial and Trial Procedures of Judge Walker D. Miller § 10.9 Form Measure of Damages Instruction.

**Proposed Specific Closing Jury Instruction**
**No. __**
**(Determination of Damages)**

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work.  On the other hand, the law does not require that Mr. Stillman prove the amount of his loss with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Authority: Pretrial and Trial Procedures of Judge Walker D. Miller § 10.10 Form Determination of Damages Instruction.

**Proposed Specific Closing Jury Instruction**
**No. __**
**(Quantum Meruit Damages)**

**PLAINTIFF'S PROPOSED INSTRUCTION:**

If you found in favor of Mr. Stillman on the question of liability then you should make an award to Mr. Stillman in the amount of the reasonable value of the services he provided to defendant InService and/or defendant Wildfire.  You may consider the evidence and testimony regarding valuation, but you are not bound by that evidence or testimony. It is for you to determine the value of the services at such amount as you consider fair and reasonable under all of the circumstances, nothing more, nothing less.  In making that determination, you should bear in mind that Mr. Stillman is not required to demonstrate that one or both of the defendants actually benefitted from his services.

Where a party provides services with the expectation of compensation, and the parties failed to formalize their agreement in a contract that can be enforced by the court, the law provides for compensation based on the reasonable value of services.  The amount of compensation stated in such an agreement may not be used to fix the value of Mr. Stillman's service.

Authority:      This instruction is based on *Long v. Shore & Reich, Ltd.,* 25 F.3d 94, 98 (2d Cir. 1994) and *Grappo v. Alitalia Linee Aeree Italiane S.p.A*, 975 F. Supp. 297, 303 (S.D.N.Y. 1997) (*citing Farash v. Sykes Datatronics*, 59 N.Y. 2d 500, 506, 465 N.Y.S.2d 917, 918, 452 N.E. 2d 1245, 1246 (1983)).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION:**

Defendants object to Plaintiff's Proposed Instruction for lack specificity and failing to provide any guidance as to the calculating of damages. Defendant further objects to the assertion that plaintiff "is not required to demonstrate that one or both of the defendants actually benefitted from his services." As stated above, case law clearly requires proof of some benefit. Martin H. Bauman Assoc., Inc., 171 A.D.2d at 484; Broughel, 2009 U.S. Dist. LEXIS 35048 at 23.

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION:**

Plaintiff has revised the initial form of his proposed instruction to address defendants' objection, and has included therein unobjectionable portions of defendants' proposed instructions.

**DEFENDANTS' PROPOSED INSTRUCTION:**

Mr. Stillman, as the plaintiff, has the burden of demonstrating the reasonable value of his services by a preponderance of the evidence. You may consider the evidence regarding valuation, but you are not bound by that testimony. It is for you to fix the value of the services at such amount as you consider fair and reasonable under all of the circumstances.

Where a party provides services with the expectation of compensation, and the parties failed to formalize their agreement in a contract that can be recognized by the court, the law provides for compensation based on the reasonable value of services. However, courts and juries do not write contracts, parties do. It is improper for a jury to write a contract for the parties where none previously was written. You may not assume the terms that the parties may, perhaps, have written into a contract. You have no basis to impose what would be reasonable and

appropriate in relation to defining a base period, the nature and quantification of benefits received, the controls that might be appropriate to eliminate the influence of other market conditions, the time frame for services and compensation, or the many other factors that might be pertinent to employment or consulting contracts.

It is also improper to base the determination of the reasonable value of Mr. Stillman's service on any alleged agreement or negotiations between the parties. Where, as in the current action, any alleged agreement between the parties is precluded under the statute of frauds, damages may not be measured or based upon any alleged agreement or negotiations between the parties.

If you find in favor of Mr. Stillman on the question of liability regarding ISA then you should make an award to Mr. Stillman against ISA in the amount of the reasonable value of the services rendered to ISA, nothing more, nothing less. If you find in favor of Mr. Stillman on the question of liability regarding Wildfire then you should make an award to Mr. Stillman against Wildfire in the amount of the reasonable value of the services rendered to Wildfire, nothing more, nothing less.

Authority: N.Y. Pattern Jury Instr.-Civil 4:31 Contracts for Services - Action for Services Rendered - By Broker; Long v. Shore & Reich, Ltd., 25 F.3d 94, 97-98 (2d Cir. 1994); Revson v. Cinque & Cinque, P.C., 221 F.3d 59 (2d Cir. 2000) ("Although a party seeking to establish the reasonable value of the services may present evidence as to the value that the parties placed on such services in a previous or canceled contract, we have found no New York case allowing the reasonable value of a claimant's services to be proven through evidence of an agreement that was unenforceable as a matter of law." 221 F.3d at 69 (citation omitted)); Zaitsev v. Salomon Bros., 60 F.3d 1001 (2d Cir. 1995) ("Under New York law, a contract that is

unenforceable under the Statute of Frauds is inadmissible as evidence of the reasonable value of services." 60 F.3d at 1005 (citation omitted)); <u>Carlino v. Kaplan</u>, 139 F.Supp.2d 563, 566 (S.D.N.Y. 2001)

## PLAINTIFF'S OBJECTION TO DEFENDANT'S PROPOSED INSTURCTION;

Plaintiff objects to Defendants' Proposed Instruction on the grounds that it is argumentative, redundant, misstates the law concerning the burden of proof, its discussion of contract law is irrelevant, and it purports to be based on a New York Pattern Jury Instruction which is wholly irrelevant to this matter, and, in any event, that instruction does not support the request to charge.

The first sentence of the first paragraph is redundant and unnecessary.

The attempt in the first sentence of the second paragraph to require that there be a "clear" expectation of compensation suggests that plaintiff bears a burden of proof greater than a preponderance of the evidence.

The proscription on using an unenforceable contract to fix compensation is appropriate. The suggestion that the jury will engage in the writing of a contract is irrelevant, superfluous, confusing and a red herring.  The proposed instructions on various aspects of the damages determination set forth herein are directed toward the jury making a determination of the value of services that is fair and reasonable under the circumstances; there is no suggestion or invitation to the jury in any of the instructions to engage in the drafting of a contract.

While the proscription on using an unenforceable contract to fix compensation is appropriate, the attempt to preclude any "negotiations" exceeds the judicial prohibitions in the

cases cited by defendants. The term "negotiations" is broad and undefined, and arguably would preclude any discussions the parties may have had concerning the value of plaintiff's services.

Defendants' reliance on Carlino for determining the proper scope of a jury instruction on Mr. Stillman's *quantum meruit* claim is misplaced. In the excerpt quoted by defendants, the Court sets forth its analysis of the issues presented to it, and the reasons for its determination. Here, plaintiff has made no attempt to seek an instruction that the jury engage in any of the activities or perform any of the analyses that the Carlino court found objectionable. Defendants' proposed instruction seeks to set up a straw man for the purpose of knocking him down. Such an exercise can only lead to juror confusion.

## DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION:

Plaintiff's objection on the basis of the use of a pattern jury instruct concerning New York law for a claim founded in New York substantive law is confusing, and without foundation. The instruction concerning

Defendant has withdrawn the offending word "clearly" in compliance with Plaintiff's objection.

The instruction concerning the description of what the jury should consider for determining value is a paraphrase of Carlino v. Kaplan, 139 F. Supp. 2d 563, 566 (S.D.N.Y. 2001):

> Importantly, courts do not write contracts, parties do. *See* Reilly v. Steinhart, 217 N.Y. 549, 552-53, 112 N.E. 468 (1916). Where a plaintiff provides services with the clear expectation of compensation, and the parties failed to formalize their agreement in a contract that can be recognized by the court, the law provides for compensation based on the reasonable value of services. However, here, where no convention exists to support an intervention by the court, it would be improper for a court to write a contract for the parties where none previously was written. I

cannot assume the terms that the parties may, perhaps, have written into a contract. I would have no basis to impose what would be reasonable and appropriate in relation to defining a base period, the nature and quantification of benefits received from consultations, the controls that might be appropriate to eliminate the influence of other market conditions, the time frame for services and compensation, or the many other factors that might be pertinent to consulting contracts. The only certain way to measure compensation [**9] is to base it on a reasonable hourly rate multiplied by the actual number of hours Plaintiff provided services to the Defendants, plus reimbursement of expenses reasonably and appropriately incurred in the delivery of the services.

Carlino v. Kaplan, 139 F. Supp. 2d 563, 566 (S.D.N.Y. 2001).

Furthermore, the contention that evidence of negotiations is somehow relevant for a determination of damages is without basis. The alleged agreement which plaintiff claims was reached is not enforceable under the statute of frauds, and thus its terms may not be considered for damage purposes. Revson, 221 F.3d at 69; Zaitsev, 60 F.3d at 1005; Carlino, 139 F.Supp.2d at 566.  Plaintiff may not side step the law by focusing on the negotiations of the very contract which is precluded.

**Proposed Specific Closing Jury Instruction**
**No. __**
**(Instruction to jury—Disregard of corporate entity—General form)**

Before the acts and obligations of a corporation can be legally recognized as those of a particular person or other corporation or corporations, and vice versa, the following combination of circumstances must be shown to exist:

1. That the corporation is not only influenced and governed by that person, or other corporations, but that there is such a unity of interest and ownership that the individuality, or separateness, of the person or other corporation or corporations has ceased;

2. That the facts are such that adherence to the fact of separate existence of the corporation would, under the circumstances, promote injustice.

Authority: *O'Hazza v. Executive Credit Corp.*, 246 Va. 111, 115,431 S.E.2d 318 (1993); *See also, Morris v. New York State Dept. of Taxation and Finance*, 82 N.Y.2d 135, 141, 603 N.Y.S.2d 807, and Am. Jur. Pleading and Practice Forms § 55 (April 2009).


## DEFENDANTS' OBJECTION TO PLAINTIFF'S INSTRUCTIONS:

Defendant objects to the Plaintiff adding, at 6 pm on June 30, 2009, the day these proposed jury charges are due, charges regarding piercing of the corporate veil, which were not plead in either the complaint nor the amended complaint in this matter. In fact, the amended complaint makes no reference to any alter-ego liability or even that the defendants are in anyway jointly or severally liable. In essence, the Plaintiff has attempted to assert a new cause of action well after the time to further amend the complaint has expired, let alone discovery on the matter. This is the very definition of frivolous behavior, without basis in fact or law.

To be clear, no mention is made anywhere in either of the Plaintiff's pleadings to pierce the corporate veil. A claim for piercing the corporate veil, though not necessarily a separate cause of action, must be properly plead or is subject to dismissal. *See* Triemer v. Bobsan Corp., 70 F. Supp. 2d 375 (S.D.N.Y. 1999) (Dismissal granted for failure to plead piercing of corporate veil); Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc., 170 F.R.D. 361 (S.D.N.Y. 1997) (District Court dismissed veil piercing claim, holding "in order to properly plead an alter-ego theory under New York law, a plaintiff must establish two elements: (1) complete control and domination by the parent company; and (2) that this domination was used to perpetrate a fraud or wrong upon the plaintiff." 170 F.R.D. at 375). In the current action there was simply no mention of veil piercing or alter-ego liability in the Plaintiffs' pleadings. Thus, even if the veil piercing claims were not precluded as being late or waived, they are subject to dismissal for failing to be properly pled.

Furthermore, Plaintiff misstates the requirements of a piercing claim under the law of both Virginia, the state of incorporation of the defendants, and New York, the forum. In Virginia:

> "one who seeks to disregard the corporate entity must show that the shareholder sought to be held personally liable has controlled or used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage. Lewis Trucking Corp. v. Commonwealth, 207 Va. 23, 31, 147 S.E.2d 747, 753 (1966); F. Hodge O'Neal and Robert B. Thompson, O'Neal's Close Corporations § 1.10 (3d ed. 1971 and Supp. 1992). Piercing the corporate veil is justified when the unity of interest and ownership is such that the separate personalities of the corporation and the individual no longer exist and to adhere to that separateness would work an injustice. Lewis Trucking, 207 Va. at 32, 147 S.E.2d at 753-54; 1 William M. Fletcher, Fletcher Cyclopedia of the Law of Private Corporations § 41.30 (perm. ed. rev. vol. 1990) (hereinafter Fletcher)."

O'Hazza v. Executive Credit Corp., 246 Va. 111, 116 (Va. 1993) (cited by Plaintiff) *See also* Cheatle v. Rudd's Swimming Pool Supply Co., 234 Va. 207, 212 (Va. 1987):

"a corporation is a legal entity entirely separate and distinct from the shareholders or members who compose it. This immunity of stockholders is a basic provision of statutory and common law and supports a vital economic policy underlying the whole corporate concept. Beale v. Kappa Alpha Order, 192 Va. 382, 397, 64 S.E.2d 789, 797 (1951). Therefore, a decision to refuse to recognize this immunity constitutes "an extraordinary exception" to be permitted only when it becomes necessary to promote justice. Id., 64 S.E.2d at 797-98.

A decision whether to disregard the corporate fiction depends largely upon resolution of questions of fact with the burden of proof resting upon the party seeking to pierce the veil. Pertinent to this case, the plaintiff must show that the corporate entity was the alter ego, alias, stooge, or dummy of the individuals sought to be charged personally and that the corporation was a device or sham used to disguise wrongs, obscure fraud, or conceal crime. Lewis Trucking Corp. v. Commonwealth, 207 Va. 23, 31, 147 S.E.2d 747, 753 (1966)."

In New York:

"Generally, however, piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury (see, Matter of Guptill Holding Corp. v State of New York, 33 A.D.2d 362, 364-365, 307 N.Y.S.2d 970, affd 31 N.Y.2d 897, 340 N.Y.S.2d 638, 292 N.E.2d 782; Lowendahl v Baltimore & Ohio R. R. Co., 247 A.D. 144, 157, 287 N.Y.S. 62, affd 272 N.Y. 360, 6 N.E.2d 56; American Protein Corp. v AB Volvo, 844 F.2d 56, 60 [2d Cir 1988] [analyzing New York law and citing Lowendahl (supra)]; International Aircraft Trading Co. v Manufacturers Trust Co., 297 N.Y. 285, 292, 79 N.E.2d 249; see generally, Presser, Piercing the Corporate Veil § 2.33 [3], at 2-304--2-313).

While complete domination of the corporation is the key to piercing the corporate veil, especially when the owners use the corporation as a mere device to further their personal rather than the corporate business (see, Walkovszky, supra, at 417), such domination, standing alone, is not enough; some [*142] showing of a wrongful or unjust act toward plaintiff is required (see, Guptill, supra, at 365; Lowendahl, supra, at 157; Passalacqua Bldrs. v Resnick Developers S., 933 F.2d 131, 138 [2d Cir 1991] [applying New York law]; see generally, 18 Am Jur 2d, Corporations, § 51). The party seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene (see, Guptill,

> supra, at 365; National Labor Relations Bd. v Greater Kan. City Roofing,
> 2 F.3d 1047, 1052-1053).

Morris v. State Dep't of Taxation & Fin., 82 N.Y.2d 135, 141-142 (N.Y. 1993).

Defendants further object to any instructions regarding fraud.  Plaintiff's cause of action for fraud was dismissed by this Court, twice. See Stillman v. Townsend, 2006 U.S. Dist. LEXIS 50770 (S.D.N.Y. 2006); Stillman v. InService America, Inc., 2008 U.S. Dist. LEXIS 40321 (S.D.N.Y. 2008).  Thus, the issue of fraud was determined, and there is not factual issue for the jury to review.

In conclusion, Defendants object to any jury instructions regarding veil piercing or alter-ego liability since the matter is raised for the first time in the jury instructions, and is thus precluded and/or waived in the current action.  Also, the proposed instructions fail to address the legal requirements of the claim, even if preserved.

## PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION:

Contrary to the assertion set forth in Defendants' objection, plaintiff is the party that has been surprised in this matter.  Prior to the receipt of defendants' comments in response to the jury instructions proposed by plaintiff, defendants at no point in this litigation sought to distinguish between the respective rights and obligations of each defendant.  No separate pleadings or other papers have been filed in this action by defendants InService and Wildfire. Each claim for relief set forth in the complaint and in the amended complaint were made jointly against the defendants, a fact to which defendants never objected or responded until the preparation of the jury instructions.  In fact, plaintiff's initial discovery request in this action sought, among other things, all documents relating to the formation, incorporation and operation of the defendants, including shareholder agreements and other documents relevant to the

establishment of the corporate bona fides of the defendants.  That defendants failed to produce the requested documents does not support a claim that they did not anticipate that this would be a fact the plaintiff would attempt to establish at trial.  Plaintiff does not need to plead piercing the corporate veil as a separate claim for relief in order for this fact to be considered by the jury.

## IF THIS COURT DETERMINES THAT PLAINTIFF MAY SEEK TO PIERCE THE CORPRATE VEIL, THE FOLLOWING ARE DEFENDANTS' PROPOSED JURY INSTRUCTIONS:

A corporation is a legal entity entirely separate and distinct from the shareholders or members who compose it. This immunity of stockholders is a basic provision of statutory and common law and supports a vital economic policy underlying the whole corporate concept.

Mr. Stillman, as the person seeking to disregard the corporate distinction, must show that ISA has controlled or used Wildfire to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage. Piercing the corporate veil is only justified when the unity of interest and ownership is such that the separate personalities of the corporations no longer exist and to adhere to that separateness would work an injustice.

A decision to refuse to recognize this immunity constitutes 'an extraordinary exception' to be permitted only when it becomes necessary to promote justice.

A decision whether to disregard the corporate fiction depends largely upon resolution of questions of fact with the burden of proof resting upon the party seeking to pierce the veil. Pertinent to this case, Mr. Stillman must show that Wildfire was the alter ego, alias, stooge, or dummy of ISA , and that Wildfire was a device or sham used to disguise wrongs, obscure fraud, or conceal a crime.

Authority:    <u>O'Hazza v. Executive Credit Corp.</u>, 246 Va. 111, 116 (Va. 1993) (cited by

Plaintiff); <u>Cheatle v. Rudd's Swimming Pool Supply Co.</u>, 234 Va. 207, 212 (Va. 1987); <u>Morris v.</u>

<u>State Dep't of Taxation & Fin.</u>, 82 N.Y.2d 135, 141-142 (N.Y. 1993).

**Proposed Specific Closing Jury Instruction**
**No. __**
**(Disregard Of Corporate Entity—Where There Is Control By Another Corporation)**

Ordinarily, one corporation is a separate legal entity from another corporation, even though the second corporation may own all, or substantially all, of the stock of the first corporation, and even though both corporations may be managed and controlled by a dominant stockholder. However, there may be circumstances which will require you to disregard the existence of a corporation in its dealings with another corporation. In the event that you determine that certain services were rendered by Mr. Stillman exclusively to defendant Wildfire, there is one further question to be answered in determining a damages award.

In this case plaintiff, Donald Stillman, demands judgment not only against InService, but also against another corporation, Wildfire. To the extent that you find that certain services were performed exclusively for Wildfire, then it is for you to determine whether Mr. Stillman is entitled to recover against InService for such services. Such a determination is unnecessary with respect to services that may have been rendered for both defendants or exclusively for InService. Some of the facts which you should consider in determining this question are:

1. Whether or not InService owns or controls all or a majority of the capital stock of Wildfire.

2. Whether or not InService and Wildfire have common directors or officers.

3. Whether or not the management and control of both InService and Wildfire are in one person.

4. Whether or not InService has furnished all, or substantially all, the financial backing of Wildfire, either directly or indirectly.

5. Whether or not InService, directly or indirectly, caused or brought about the incorporation of Wildfire.

6. Whether or not InService furnished Wildfire with adequate capital for the business in which Wildfire was to engage.

7. Whether or not InService, directly or indirectly, paid or caused to be paid the salaries, expenses, or losses of Wildfire.

8. Whether or not Wildfire did all, or substantially all, of its business with InService.

9. Whether or not the directors and officers of Wildfire acted independently on its behalf and in its interest in dealing with InService.

10. Whether or not Wildfire observed the formal requirements of corporate existence, as I have mentioned them to you in my previous instruction.

If your consideration of all or most of these questions of fact, as well as the other evidence in the case, lead you to believe that the legal entity of Wildfire should be disregarded in connection with its dealings with InService, then you may find a verdict for plaintiff against InService, in any amount justified by the other testimony in the case. On the other hand, if your consideration of these questions, or most of them, as well as the other evidence in the case, leads you to believe that you should observe the separate legal existence of Wildfire in its dealings with InService, then you will not be justified in permitting Mr. Stillman to recover from InService for services provided exclusively for Wildfire, but you may still permit him to recover from InService for services rendered to both defendants or exclusively to InService.

Authority:      *O'Hazza v. Executive Credit Corp.*, 246 Va. 111, 115,431 S.E.2d 318 (1993); *See also, Morris v. New York State Dept. of Taxation and Finance*, 82 N.Y.2d 135, 141, 603 N.Y.S.2d 807, and Am. Jur. Pleading and Practice Forms § 55 (April 2009).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S INSTRUCTIONS:**

As stated in detail above, Defendants object to any jury instructions regarding veil piercing or alter-ego liability since the matter is raised for the first time in the jury instructions, and is thus precluded and/or waived in the current action. Also, the proposed instructions fail to address the legal requirements of the claim, even if preserved.

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION:**

Plaintiff incorporates by reference his reply to defendants' objection to the previous proposed instruction.

**IF THIS COURT DETERMINES THAT PLAINTIFF MAY SEEK TO PIERCE THE CORPRATE VEIL, THE FOLLOWING ARE DEFENDANTS' PROPOSED JURY INSTRUCTIONS:**

Mr. Stillman bears the burden of proof concerning his claim to disregard the corporate form. He must, as a preliminary matter, first establish that the corporate entity was the alter ego, alias, stooge, or dummy of the company sought to be charged.

Mr. Stillman must established by the preponderance of the evidence that the defendants exercised undue domination and control over each other. Factors which are relevant for your determination are: (1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, i.e. issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arm's length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee

of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own. Instrumental to this analysis is whether the defendant companies "observed corporate formalities," whether they kept "corporate records," whether they had different shareholders and board members, and whether there were "other officers and directors."

Proof that some person may dominate or control" the corporation, or "may treat it as a mere department, instrumentality, agency, etc." is not enough to pierce the veil. Rather, something more is required to disregard the entity of a corporation. Hence, Mr. Stillman must also establish that the corporation was a device or sham used to disguise wrongs or conceal a crime."

Authority: O'Hazza v. Executive Credit Corp., 246 Va. 111, 116 (Va. 1993) (cited by Plaintiff); Cheatle v. Rudd's Swimming Pool Supply Co., 234 Va. 207, 212 (Va. 1987); Garrett v. Ancarrow Marine, Inc., 211 Va. 755, 180 S.E.2d 668, 670 (Va. 1971); Lewis Trucking Corp. v. Commonwealth, 207 Va. 23, 147 S.E.2d 747, 753 (Va. 1966); Morris v. State Dep't of Taxation & Fin., 82 N.Y.2d 135, 141-142 (N.Y. 1993); Perpetual Real Estate Services, Inc. v. Michaelson Properties, Inc., 974 F.2d 545, 548 (4th Cir. Va. 1992); Carte Blanche Pte., Ltd. v. Diners Club Int'l, Inc., 2 F.3d 24 (2d Cir. 1993); Wm. Passalacqua Builders v. Resnick Developers S., 933 F.2d 131 (2d Cir. 1991).

Respectfully submitted,

Dated: July 1, 2009

SLUTSKY, McMORRIS & MEEHAN, LLP           KUCKER & BRUH, LLP

_____               _____
William J. McMorris, Jr. (WJM-4392)        Marc Jonas Block (MJB-1850)
William A. Meehan (WAM-1707)           *Attorneys for Defendants*
*Attorneys for the Plaintiff*              747 Third Avenue
100 Park Avenue, Suite 1600            New York, New York 10017
New York, New York 10017              Telephone: (212) 869-5030
Telephone: (212) 349-7020