UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DONALD H. STILLMAN, JR.,                                         :

                OPINION AND ORDER

        Plaintiff,                                               :

                05 Civ. 6612 (GWG)

        -against-                                                :

INSERVICE AMERICA INC., and WILDFIRE                             :
PARTNERS, INC.,
                                                                             :

        Defendants.
-----------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

APPEARANCES OF COUNSEL:

William J. McMorris, Jr. and William A. Meehan, Slutsky, McMorris & Meehan, LLP, New York, NY, for plaintiff.

Mark Jonas Block, Kucker & Bruh, LLP, New York, NY, for defendants.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DONALD H. STILLMAN, JR.,                            :

                                                        OPINION AND ORDER

                Plaintiff,                         :

                                                        05 Civ. 6612 (GWG)

                -against-                          :

INSERVICE AMERICA INC., and WILDFIRE   :
PARTNERS, INC.,
                                                   :

                Defendants.
-----------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      This case raises the issue of whether prejudgment interest is mandatory or discretionary under New York law for a quantum meruit claim. For the reasons stated below, we hold that it is mandatory.

      The parties consented to the disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(c) and a jury trial was held beginning August 23, 2010, on plaintiff's claim for quantum meruit damages against defendants. On August 27, 2010, the jury rendered a verdict awarding plaintiff $132,724.00. Plaintiff now seeks prejudgment interest of 9%, arguing that such an award is mandatory pursuant to N.Y.C.P.L.R. § 5001(a). Defendants argue that it is discretionary.[1]

---

[1] See Notice of Submission of Proposed Judgment, filed Sept. 2, 2010 (Docket # 126); Notice of Defendants' Counter Proposed Judgment, filed Sept. 2, 2010 (Docket # 127); Plaintiff's Memorandum of Law in Opposition to Defendants' Counter Proposed Judgment, filed Sept. 8, 2010 (Docket # 129); Affidavit in Opposition to Defendants' Counter Proposed Judgment, filed Sept. 8, 2010 (Docket # 130); Reply Affirmation of Mark Jonas Block in Further Support of Defendants' Counter Proposed Judgment, filed Sept. 17, 2010 (Docket # 131); Defendants' Reply Memorandum of Law in Further Support of their Counter Proposed Judgment, filed Sept. 17, 2010 (Docket # 132) ("Def. Reply Mem.").

The parties previously agreed that the claims in this case are governed by New York law.  See Stillman v. Townsend, 2006 WL 2067035, at *2 n.1 (S.D.N.Y. July 26, 2006).  As a result, "the New York interest rate applies to the [prejudgment] interest sought."  Adrian v. Town of Yorktown, --- F.3d ----, 2010 WL 3489553, at *3 (2d Cir. Sept. 8, 2010); accord N. Bloom & Son (Antiques) Ltd. v. Skelly, 673 F. Supp. 1260, 1269 (S.D.N.Y. 1987) ("In a diversity case, prejudgment interest is controlled by the rule of the jurisdiction whose law determines liability.") (citation omitted).

N.Y.C.P.L.R. § 5001(a), entitled "Interest to verdict, report or decision," states in relevant part:

> Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, . . . except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion.

While section 5001(a) makes interest mandatory only for awards based on "breach of performance of a contract," N.Y.C.P.L.R. § 5001(a), case law reflects that this phrase includes claims arising from "contracts implied in law and quasi-contracts."  Frederick v. Clark, 162 A.D.2d 863, 864 (3d Dep't 1990); accord U.S. Fire Ins. Co. v. Federal Ins. Co., 858 F.2d 882, 889 (2d Cir. 1988), cert. denied, 490 U.S. 1020 (1989); Isaacs v. Incentive Sys., Inc., 52 A.D.2d 550, 551 (1st Dep't 1976).  In Ogletree, Deakins, Nash, Smoak & Stewart P.C. v. Albany Steel Inc., 243 A.D.2d 877, 879 (3d Dep't 1997), the Third Department recognized that the rationale underlying a quantum meruit claim is "fairness and equitable principles."  Id. (citing Hudson View II Assocs. v Gooden, 222 A.D.2d 163, 168 (1st Dep't 1996)).  Nonetheless, the court concluded that the plaintiff's quantum meruit action was "essentially an action at law, inasmuch as it seeks money damages in the nature of a breach of contract . . . ."  Id.   Accordingly, the

court refused to characterize the plaintiff's quantum meruit claim as "equitable," which would have made interest discretionary under the last clause of section 5001(a), and instead found that interest was mandatory.  See id.; accord Govern & McDowell v. McDowell & Walker, Inc., 75 A.D.2d 979, 980 (3d Dep't 1980) ("the trial court erred in failing to compute and add interest to the damage award[,] [because] Plaintiff, having prevailed in the contract action, was entitled to interest as of right upon the amount awarded in quantum meruit") (citing N.Y.C.P.L.R. § 5001(a)).  Similarly, in Ash & Miller v. Freedman, 114 A.D.2d 823 (1st Dep't 1985), the First Department held that plaintiff was "entitled to interest as of right" because the quantum meruit action "sounded in breach of contract . . . ."  Id. at 823-24.  In Tesser v. Allboro Equip. Co., 73 A.D.3d 1023 (2d Dep't 2010), the Second Department held that "an award of predecision or preverdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract."  Id. at 1027 (citation omitted); accord Brent v. Keesler, 32 A.D.2d 804, 805 (2d Dep't 1969) ("In our opinion, hav[ing] sued and prevailed in contract, plaintiff was entitled as of right to preverdict interest upon the respective amounts awarded to him in quantum meruit by the verdicts of the jury.") (citations omitted).[2]

---

[2] Defendants incorrectly argue that Pryor Cashman, LLP v. Saryan, 2009 N.Y. Misc. LEXIS 5597, at *5-7 (N.Y. Sup. Ct. Dec. 4, 2009), awarded interest on a quantum meruit claim at a "rate of 5.25%."  See Def. Reply Mem. at 1.  In fact, the plaintiff in that case had both a contract claim and a quantum meruit claim.  The court awarded 5.25% interest only on the contract claim because that was the interest rate specified in the contract.  See Pryor Cashman, LLP, 2009 N.Y. Misc. LEXIS 5597, at *5-7.  The court awarded the statutory interest rate for plaintiff's quantum meruit claim.  See id.

Another case cited by defendants, D'Jamoos v. Griffith, concluded that defendant was entitled to interest on a quantum meruit action "in light of the numerous other decisions awarding interest," among other reasons.  See 2008 WL 2620120, at *21 n.16 (E.D.N.Y. Feb. 29,

3

The only Appellate Division case of which we are aware that concluded otherwise was the decision of the Third Department in Precision Foundations v. Ives, 4 A.D.3d 589, 593 (3d Dep't 2004). Precision Foundations, however, does not even mention the Third Department's prior contrary decision in Ogletree, Deakins, Nash, Smoak & Stewart P.C. – let alone explain why it was following a different rule. See id. Indeed, Precision Foundations cites no case law at all to support its conclusion, but merely states without explanation that "awards [of prejudgment interest] are discretionary for a quantum meruit claim." Id. (citing N.Y.C.P.L.R. § 5001(a)). Thus, we do not view it as controlling our decision here.

Turning to decisions of the federal courts, they too support the conclusion that prejudgment interest in a quantum meruit action is mandatory under N.Y.C.P.L.R. § 5001(a). In Aniero Concrete Co., Inc. v. N.Y. City Constr. Authority, the court held "[w]hile . . . the roots of quantum meruit are found in principles of equity, for purposes of prejudgment interest the remedy is likened to one for breach of contract, and an award of prejudgment interest is mandatory." 308 F. Supp. 2d 164, 211 (S.D.N.Y. 2003) (citation omitted); accord The Dweck Law Firm, L.L.P. v. Mann, 2004 WL 1794486, at *3 (S.D.N.Y. Aug. 11, 2004); U.S. ex rel. Maris Equip. Co., Inc. v. Morganti, Inc., 163 F. Supp. 2d 174, 202 (E.D.N.Y. 2001) ("New York's law providing for a nine percent per annum rate of prejudgment interest in contract actions extends to quantum meruit recoveries in quasi-contract actions.") (citations omitted), aff'd, 67 Fed. Appx. 68 (2d Cir. 2003).

The only contrary federal cases of which we are aware are Sequa Corp. v. Gelmin, 1997 WL 218470 (S.D.N.Y. April 30, 1997), and Chernis v. Swarzman, 2007 WL 2230078 (S.D.N.Y.

---

2008), aff'd, 340 Fed. Appx. 737 (2d Cir. 2009).

Aug. 2, 2007). In Chernis, the court noted the conflicting authorities but ultimately relied exclusively on the reasoning advanced in Sequa Corp. to conclude that an award of prejudgment interest is discretionary in a quantum meruit action. See Chernis, 2007 WL 2230078, at *13. Sequa Corp., however, relied only on the case of Morgan v. Onassis, 5 N.Y.2d 732, 734 (1958), to support its decision, and Morgan did not even involve a claim of quantum meruit. See Sequa Corp., 1997 WL 218470, at *3. Accordingly, in light of the contrary New York and federal precedent previously discussed, we respectfully decline to follow Sequa Corp. and Chernis.

Our conclusion is bolstered by decisions from the Second Circuit. In Action S.A. v. Marc Rich & Co., 951 F.2d 504 (2d Cir. 1991), cert. denied, 503 U.S. 1006 (1992), the Second Circuit considered whether prejudgment interest was mandatory on "equitable claims for breach of duty and unjust enrichment." Id. at 508. The court concluded that "the equity clause of § 5001 should not become a source of sterile controversy over the classification of causes of action," and held that the statutory rate of interest was mandatory for the claims in that case because "the cause of action and damages at issue were essentially legal in nature." Id. at 508-09 (citations, internal bracketing, and punctuation omitted); see also United Bank Ltd. v. Cosmic Int'l, Inc., 542 F.2d 868, 877-78 (2d Cir. 1976) (interest award mandatory in interpleader actions despite the fact that such actions are "commonly considered to be of an equitable nature"). In Lewis v. S.L. & E., Inc., 831 F.2d 37, 39 (2d Cir. 1987), the Second Circuit stated more broadly that "even on a claim with equitable underpinnings, such as one for breach of fiduciary duty, [the statutory rate of] prejudgment interest would be mandatory where the only relief sought was compensatory damages." Id. at 39. This is precisely the situation here. While "[q]uantum meruit is an equitable remedy," McNamee, Lochner, Titus & Williams, P.C. v. Higher Educ.

5

Assistance Found., 50 F.3d 120, 125 n.1 (2d Cir. 1995), Stillman obtained purely compensatory damages.  Thus, an award of interest is mandatory.

No party contests that April 28, 2005, is the appropriate start date for the running of any prejudgment interest.  In addition, both parties' proposed judgments contemplate that the full amount of any award should run against both defendants.  Finally, while section 5001(a) governs only preverdict interest, see N.Y.C.P.L.R. § 5001(c), interest runs postverdict under New York law up until the date of judgment at the same 9% rate, see, e.g., Adrian, --- F.3d ----, 2010 WL 3489553, at *3 (citing N.Y.C.P.L.R. § 5004).  Accordingly, Stillman is entitled to recover prejudgment interest against defendants in the amount of 9% on the jury award of $132,724.00 for the period from April 28, 2005, until entry of judgment.  This amounts to $32.73 per day.

Conclusion

Plaintiff shall have judgment against defendants InService America, Inc. and Wildfire Partners, Inc. for $132,724.00 plus prejudgment interest of $32.73 per day from April 28, 2005, until the date of entry of judgment.  The Clerk is requested to enter judgment forthwith.

SO ORDERED.

Dated: September 23, 2010
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Assistance Found., 50 F.3d 120, 125 n.1 (2d Cir. 1995), Stillman obtained purely compensatory damages. Thus, an award of interest is mandatory.

No party contests that April 28, 2005, is the appropriate start date for the running of any prejudgment interest. In addition, both parties' proposed judgments contemplate that the full amount of any award should run against both defendants. Finally, while section 5001(a) governs only preverdict interest, see N.Y.C.P.L.R. § 5001(c), interest runs postverdict under New York law up until the date of judgment at the same 9% rate, see, e.g., Adrian, --- F.3d ----, 2010 WL 3489553, at *3 (citing N.Y.C.P.L.R. § 5004). Accordingly, Stillman is entitled to recover prejudgment interest against defendants in the amount of 9% on the jury award of $132,724.00 for the period from April 28, 2005, until entry of judgment. This amounts to $32.73 per day.

Conclusion

Plaintiff shall have judgment against defendants InService America, Inc. and Wildfire Partners, Inc. for $132,724.00 plus prejudgment interest of $32.73 per day from April 28, 2005, until the date of entry of judgment. The Clerk is requested to enter judgment forthwith.

SO ORDERED.

Dated: September 23, 2010
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

6