```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DONALD H. STILLMAN, JR.,                       :

                Plaintiff,                     :     05 Civ. 6612 (GWG)

        -v.-                                   :     OPINION AND ORDER

INSERVICE AMERICA INC., and WILDFIRE           :
PARTNERS, INC.,
                Defendants.                    :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

I.   BACKGROUND

This is an action brought by plaintiff Donald H. Stillman, Jr. against defendants InService America, Inc. and Wildfire Partners, Inc. seeking compensation for services. See Complaint, filed July 22, 2005 (Docket # 1). After trial, a jury rendered a verdict against defendants in the amount of $132,724.00. See Opinion and Order, filed Sept. 23, 2010 (Docket # 133) at 1. A final judgment, which included prejudgment interest, was entered on September 27, 2010, in the amount of $197,463.94. See Judgment, filed Sept. 27, 2010 (Docket # 134). Defendants appealed from the judgment on October 21, 2010. See Notice of Appeal, filed Oct. 21, 2010 (Docket # 135). Since the entry of the judgment, defendants have not made any payments to satisfy the judgment and have not posted a supersedeas bond. As a result, plaintiff has been compelled to engage in post-judgment discovery in order to collect on the judgment.

1

Plaintiff has now moved for an order pursuant to Rule 7 of the Federal Rules of Appellate Procedure requiring defendants to post a bond for costs on appeal.[1]  For the following reasons, plaintiff's motion is granted.

II.     DISCUSSION

     A.     Appropriateness of Bond

Rule 7 of the Federal Rules of Appellate Procedure provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  The purpose of this rule is "to protect the appellee from the risk of nonpayment by the appellant, if the appellee wins the appeal." Berry v. Deutsche Bank Trust Co. Ams., 632 F. Supp. 2d 300, 307 (S.D.N.Y. 2009) (citation omitted).  "The power to impose an appeal bond under Rule 7 has been specifically given to the discretion of the district court."  Adsani v. Miller, 139 F.3d 67, 79 (2d Cir.), cert. denied, 525 U.S. 875 (1998); accord In re Air Cargo Shipping Servs. Antitrust Litig., 2010 WL 1049269, at *2 (E.D.N.Y. Mar. 22, 2010).

When determining whether a bond is appropriate, courts consider the following factors: "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has

---

[1] See Notice of Motion for Order Requiring Defendants to Post an Appeal Costs Bond, filed July 29, 2011 (Docket # 146); Plaintiff's Memorandum of Law in Support of Motion for Appeal Costs Bond, filed July 29, 2011 (Docket # 148) ("Pl. Memo"); Affidavit in Support of Motion for Appeal Costs Bond, filed July 29, 2011 (Docket # 147) ("McMorris Aff."); Affirmation of Marc Jonas Block in Opposition to Plaintiff's Motion for an Order Requiring Defendants to Post an Appeal Cost Bond Pursuant to F.R.A.P. Rule 7, filed Aug. 8, 2011 (Docket # 150); Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for an Order Requiring Defendants to Post an Appeal Cost Bond Pursuant to F.R.A.P. Rule 7, filed Aug. 8, 2011 (Docket # 151) ("Def. Memo"); Reply Memorandum in Support of Plaintiff's Motion for Appeal Costs Bond, filed Aug. 12, 2011 (Docket # 152) ("Reply").

shown any bad faith or vexatious conduct." Baker v. Urban Outfitters, Inc., 2006 WL 3635392, at *1 (S.D.N.Y. Dec. 12, 2006); accord Curtis & Assocs., P.C. v. Law Offices of David M. Bushman, Esq., 2011 WL 917519, at *1 (E.D.N.Y. Mar. 9, 2011).

As to the first factor, the defendants concede that they are financially able to post the bond. See Def. Memo at 1-2. Accordingly, this factor weighs in favor of the plaintiff. As to the risk that defendants will not pay the costs on appeal should they lose, the fact that they have not paid the judgment or posted a supersedeas bond raises serious concerns about their ability to do so. Indeed, defendants themselves assert that they have insufficient funds to pay the full amount of the judgment at this time. See Def. Memo at 2. Defendants have not offered any specifics of their financial situation, however, such as an accounting of their assets or expected income streams, let alone done so in admissible form. Accordingly, this factor weighs in favor of the plaintiff.

As for the third factor, defendants' arguments regarding these matters were fully aired prior to trial and do not, in this Court's judgment, appear any stronger now than they did at that time. As to the last factor, neither party has demonstrated that the other side's conduct constituted "bad faith." Nonetheless, a demonstration of "bad faith" or even "vexatious conduct" is not required for a bond to be awarded. See generally In re Currency Conversion Fee Antitrust Litig., 2010 WL 1253741, at *2 (S.D.N.Y. Mar. 5, 2010) (awarding cost bond where there was a risk of non-payment and no bad faith or vexatious conduct). Weighing all of the factors, the Court concludes that an appeal cost bond pursuant to Fed. R. App. P. 7 is warranted. The Court's decision is further supported by the fact that defendants (1) they have delayed supplying information requested by plaintiff to obtain post-judgment discovery as to defendants' assets and (2) they have not satisfied any part of the judgment against them even though they

concede that they are able to pay for an cost bond now, see generally Cordius Trust v. Kummerfeld Associates, Inc., 658 F. Supp. 2d 512, 517 (S.D.N.Y. 2009) ("A party is obligated to pay as much of any judgment against it as is possible under the circumstances.")

    B.    Amount of Bond

As for the amount of the bond, plaintiff has provided receipts relating to the costs expended in producing the appeal record. See McMorris Aff., Exs. 1, 2. These receipts total $2,165.95. While plaintiff contends that he should be afforded a bond in an amount "not less than $2,500" in order to cover any future costs that may accrue, Pl. Memo at 2, 5; McMorris Aff. ¶ 6; Reply at 2-3, he has provided the Court with no explanation as to what these additional costs may be, and accordingly, they will not be included.

The defendants argue that the amount of the bond should not take into account the costs relating to the preparation of the "diskettes of the trial proceedings." See Def. Memo at 3; see also Letter dated October 20, 2011 from William J. McMorris, Jr.; Letter dated October 20, 2011 from Marc Jonas Block.[2] The "diskettes" are an electronic file of the transcript and the Court has not been provided with evidence that the electronic file itself – as opposed to the "minuscript pages," which were ordered at the same time as the "diskettes" – were used to prepare the Joint Appendix. Thus, plaintiff has not provided a basis for including the cost of the "diskettes." The Court made inquiry of the Southern District Court Reports, which supplied the "diskettes" and the "minuscript," and was informed that it is not necessary to purchase the "diskettes" in order to obtain the "minuscript" of the transcript. The Court also learned that where the "minuscript" is ordered without the diskettes, the charge is $1.20 per page, rather than the $ .90 per page

---

[2] The letter from Mr. Block is dated "September 7, 2011" but the Court has corrected the date to reflect the date it was apparently sent.

reflected on the invoice. Accordingly, the Court will allow $1057.20 for the cost of the "minuscript" (881 pages) and no amount for the "diskettes," thus reducing the request by $792.90. See generally In re Initial Pub. Offering Sec. Litig., 728 F. Supp. 2d 289, 292 (S.D.N.Y. 2010) (The Rule 7 bond "may include taxable costs enumerated in Rule 39(e) of the Federal Rules of Appellate Procedure, such as photocopying, printing, binding, filing, and service as well as the cost of the preparation and transmission of the record."); accord Curtis & Assocs., P.C., 2011 WL 917519, at *3; In re Currency Conversion Fee, 2010 WL 1253741, at *2.

III.   CONCLUSION

For the foregoing reasons, the motion for an appeal costs bond (Docket # 146) is granted. Within 21 days, defendants shall post a bond in the amount of $1,373.05. Defendants are jointly and severally responsible for the posting of this bond.

In the alternative, defendants may pay this amount to plaintiff's counsel within 21 days, with the amount to be held by plaintiff's counsel in an attorney escrow account pending the award of costs on appeal. If no costs are awarded to plaintiff or if costs in an amount less than $1,373.05 are awarded, the appropriate sum from the escrow account shall be returned to defendants or defendants' counsel within 14 days of the issuance of the mandate from the Second Circuit.

Dated: October 24, 2011
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge